# U.S. District Court
## Eastern District of Virginia – (Alexandria)
## CRIMINAL DOCKET FOR CASE #: 1:12–cr–00539–AJT All Defendants
### *Internal Use Only*

Case title: USA v. Brothers                                  Date Filed: 12/27/2012

Assigned to: District Judge
Anthony J Trenga

**Defendant (1)**

**Ammie Brothers**                        represented by   **Geremy C. Kamens**
Office of Federal Public Defender
1650 King St
Suite 500
Alexandria, VA 22314
(703) 600–0800
Email: Geremy_Kamens@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

**Jessica Nicole Carmichael**
Office of the Federal Public Defender (Alexandria)
1650 King St
Suite 500
Alexandria, VA 22314
703–600–0800
Email: jessica_carmichael@fd.org
*ATTORNEY TO BE NOTICED*

**Pending Counts**                                      **Disposition**

18 USC 1030(a)(2) Computer
Fraud (Ct 1: 10/5/11) (Ct 2:
10/5/11) (Ct 3: 10/5/11)
(1s–3s)

18 USC 2261A Interstate Stalking
(Ct 4: 10/2/11)
(4s)

18 USC 1028(a)(7) Identity Theft
(Ct 5: 10/2/11)
(5s)

**Highest Offense Level
(Opening)**

Felony

| | | |
|---|---|---|
| **Terminated Counts** | | **Disposition** |
| 18 USC 1030(a)(2) Computer Fraud (Ct 1: 5/1/2011) (1) | | Dismissed per filing of superseding indictment on 2/14/13 |

**Highest Offense Level (Terminated)**

Misdemeanor

| | |
|---|---|
| **Complaints** | **Disposition** |
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Lindsay Androski Kelly**<br>US Attorney's Office (Alexandria−NA)<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>NA<br>703−299−3700<br>Email: lindsay.a.kelly@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**John Frank Eisinger**<br>US Attorney's Office (Alexandria)<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>(703) 299−3906<br>Fax: (703) 299−3981<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/27/2012 | 1 | 5 | INDICTMENT as to Ammie Brothers (1) count(s) 1. (tche, ) (Entered: 12/27/2012) |
| 12/27/2012 | 3 | 7 | Redacted Criminal Case Cover Sheet. (tche, ) (Entered: 12/27/2012) |
| 12/27/2012 | 4 | 8 | Arrest Warrant Issued in case as to Ammie Brothers. (tche, ) (Entered: 12/27/2012) |
| 01/04/2013 | 5 | 9 | Consent MOTION Travel for Arraignment by Ammie Brothers. (Attachments: # 1 Proposed Order)(Kamens, Geremy) (Entered: 01/04/2013) |
| 01/07/2013 | | 14 | Set Hearings as to Ammie Brothers:<br>Arraignment set for **1/25/2013 at 09:00 AM** in Alexandria Courtroom 701 before District Judge Anthony J Trenga.<br>(kbro) (Entered: 01/07/2013) |

| 01/11/2013 | 6 | 15 | ORDER granting 5 Consent MOTION Travel for Arraignment as to Ammie Brothers (1). ORDERED that the United States Marshals Service be and is directed to arrange for and pay the cost of such non–custodial transportation on Thursday, January 24, 2013, and to furnish the Defendant with subsistence expenses, including reimbursement for lodging, meals and travel to and from the airport to and from the courthouse, and it is further ORDERED that the United States Marshals Service arrange transporation for the Defendant from Alexandria, Virginia following the arraignment, returning to Columbus, Georgia.. Signed by District Judge Anthony J Trenga on 1/11/13. (tche, ) (Entered: 01/11/2013) |
|---|---|---|---|
| 01/24/2013 | 7 | 17 | NOTICE OF ATTORNEY APPEARANCE: Jessica Nicole Carmichael appearing for Ammie Brothers (Carmichael, Jessica) (Entered: 01/24/2013) |
| 01/24/2013 | 8 | 19 | MOTION to Change Venue *pursuant to Rule 21(b)* by Ammie Brothers. (Kamens, Geremy) (Entered: 01/24/2013) |
| 01/24/2013 | 9 | 28 | MOTION to Strike *Predicate Offenses in Indictment* by Ammie Brothers. (Kamens, Geremy) (Entered: 01/24/2013) |
| 01/24/2013 | 10 | 34 | MOTION for Bill of Particulars by Ammie Brothers. (Kamens, Geremy) (Entered: 01/24/2013) |
| 01/25/2013 | 11 | 40 | Minute Entry for proceedings held before District Judge Anthony J Trenga: Arraignment as to Ammie Brothers (1) Count 1 held on 1/25/2013: USA appeared through: Lindsay Kelly. Deft appeared w/ counsel: Geremy Kamens and Jessica Carmichael. Deft WFA, PNG and demanded a trial by Jury. Motions to be filed by: **02/08/2013** w/ Motion Hearing set for **2/15/2013 at 09:00 AM** in Alexandria Courtroom 701 before District Judge Anthony J Trenga *. *Deft excused upon the filing of a Waiver of Appearance *(per AJT after Court)*. Jury Trial set for **3/5/2013 at 10:00 AM** in Alexandria Courtroom 701 before District Judge Anthony J Trenga. Discovery Order entered in open Court. Deft released on $10,000 unsecured bond w/ conditions – – see Order Setting Conditions of Release. (Court Reporter R. Montgomery) (kbro) (Entered: 01/25/2013) |
| 01/25/2013 | 12 | 41 | ORDER Setting Conditions of Release as to Ammie Brothers (1) – $10,000 unsecured PR Bond entered as to Ammie Brothers. Signed by District Judge Anthony J Trenga on 01/25/2013. (kbro) (Entered: 01/25/2013) |
| 01/25/2013 | 13 | 44 | Agreed Discovery Order as to Ammie Brothers. (kbro) (Entered: 01/25/2013) |
| 01/25/2013 | | 49 | Set Hearings as to Ammie Brothers: Status Conference set for **3/5/2013 at 09:00 AM** in Alexandria Courtroom 701 before District Judge Anthony J Trenga *(Parties to appear at 9:00 a.m.)*. (kbro) (Entered: 01/25/2013) |
| 02/04/2013 | 14 | 50 | NOTICE OF ATTORNEY APPEARANCE Lindsay Androski Kelly appearing for USA. (Kelly, Lindsay) (Entered: 02/04/2013) |
| 02/04/2013 | 15 | 52 | Opposition by USA as to Ammie Brothers re 8 MOTION to Change Venue |

| | | | |
|---|---|---|---|
| | | | *pursuant to Rule 21(b)* (Kelly, Lindsay) (Entered: 02/04/2013) |
| 02/05/2013 | 16 | 59 | Opposition by USA as to Ammie Brothers re 10 MOTION for Bill of Particulars , 9 MOTION to Strike *Predicate Offenses in Indictment* (Attachments: # 1 Exhibit 1)(Kelly, Lindsay) (Entered: 02/05/2013) |
| 02/11/2013 | 18 | 66 | REPLY TO RESPONSE to by Ammie Brothers re 8 MOTION to Change Venue *pursuant to Rule 21(b)*, 15 Opposition (Kamens, Geremy) (Entered: 02/11/2013) |
| 02/11/2013 | 19 | 73 | REPLY TO RESPONSE to by Ammie Brothers re 16 Opposition, 10 MOTION for Bill of Particulars , 9 MOTION to Strike *Predicate Offenses in Indictment* (Kamens, Geremy) (Entered: 02/11/2013) |
| 02/14/2013 | 20 | 77 | SUPERSEDING INDICTMENT as to Ammie Brothers (1) count(s) 1s−3s, 4s, 5s. (tche) (Entered: 02/15/2013) |
| 02/14/2013 | 22 | 83 | Redacted Criminal Case Cover Sheet. (tche, ) (Entered: 02/15/2013) |
| 02/14/2013 | 23 | 84 | Summons Issued in case as to Ammie Brothers. (tche ) (Entered: 02/15/2013) |
| 02/14/2013 | | 85 | Set Hearing as to Ammie Brothers:<br>− Arraignment set for 2/22/2013 at 09:00 AM in Alexandria Courtroom 701 before District Judge Anthony J Trenga. (tche) (Entered: 02/15/2013) |
| 02/14/2013 | | 86 | DISMISSAL OF COUNT as to Ammie Brothers. (tche, ) (Entered: 02/15/2013) |
| 02/15/2013 | 24 | 87 | Minute Entry for proceedings held before District Judge Anthony J Trenga: Motion Hearing as to Ammie Brothers held on 2/15/2013 re 8 MOTION to Change Venue *pursuant to Rule 21(b)* filed by Ammie Brothers, 9 MOTION to Strike *Predicate Offenses in Indictment* filed by Ammie Brothers and 10 MOTION for Bill of Particulars filed by Ammie Brothers:<br>USA appeared through: Lindsay Kelly. Counsel for Deft: Jessica Carmichael and Geremy Kamens appeared on behalf of the Deft. 8 Motion to Change Venue pursuant to Rule 21(b) filed by Deft argued – **GRANTED**. Case TRANSFERRED to the Middle District of Georgia, Columbus Division. The Court will DEFER ruling on the remaining motions and will refer them to the MD/GA.<br>Order to follow.<br>(Court Reporter R. Montgomery)<br>(kbro) (Entered: 02/15/2013) |
| 02/15/2013 | 25 | 88 | ORDER, for the reasons stated in open court, granting 8 Motion for Change of Venue as to Ammie Brothers (1). ORDERED that this matter be TRANSFERRED to the USDC for the MDGA, Columbus division; that the Court defers ruling on Defendant's Motion to Strike Predicate Offenses Contained in the Indictment or, in the Alternative, for a Bill of Particulars and refers the motion to the transferee court. Signed by District Judge Anthony J Trenga on 2/15/2013. (rban, ) (Entered: 02/15/2013) |




FILED
IN OPEN COURT

DEC 2 7 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No.: 1:12-CR-539
)
AMMIE BROTHERS, ) Count One: Computer Fraud
) (18 U.S.C. § 1030(a)(2))
Defendant. )

## INDICTMENT

December 2012 Term – At Alexandria

### Count One
(Computer Fraud)

THE GRAND JURY CHARGES THAT:

From on or about January 30, 2011 through on or about May 1, 2011, within the Eastern

District of Virginia and elsewhere, the defendant, AMMIE BROTHERS, did knowingly,

willfully, and intentionally access computers without authorization and thereby obtain

information from any department or agency of the United States.

To wit, the defendant repeatedly gained unauthorized access to the Army Knowledge

Online (AKO) accounts of S.E. and W.E. and obtained personal information about the victims.

AKO is run by the United States Army and the servers are located in the Eastern District of

Virginia. The information obtained, which included the victims' entire personal, professional,

and medical histories as well as personal-identity information, has a value in excess of $5000 and

was obtained in furtherance of violations of Virginia Code Sections 18.2-152.4 and 18.2-152.5.

(In violation of Title 18, United States Code, Section 1030(a)(2).)


NEIL H. MACBRIDE
United States Attorney

A TRUE BILL:

By:

John Eisinger
Assistant United States Attorney

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

FOREPERSON

USCA4 6

JS 45 (01/2008)                                                                    **REDACTED**

## Criminal Case Cover Sheet                                                  U.S. District Court

| | | |
|---|---|---|
| Place of Offense: | Under Seal: Yes ___ No X | Judge Assigned: _____ |
| City _____ | Superseding Indictment _____ | Criminal Number: 1:12-CR-539 |
| County/Parish Fairfax | Same Defendant _____ | New Defendant _____ |
| | Magistrate Judge Case Number _____ | Arraignment Date: _____ |
| | Search Warrant Case Number _____ | |
| | R 20/R 40 from District of _____ | |
| | Related Case Name and No: _____ | |

**Defendant Information:**

Juvenile -- Yes ___ No X   FBI # _____

Defendant Name: Ammie Brothers          Alias Name(s) _____

Address: ▮▮▮▮▮, Columbus, GA 31907

Employment: _____

                                   **Def**

Birth date ▮/1984 SS# ▮-6136 Sex M Race _____ Nationality U.S. Place of Birth U.S.

Height 5'7"   Weight 160# Hair Brown   Eyes Brown   Scars/Tattoos _____

  Interpreter: X No ___ Yes List language and/or dialect: _____ Automobile Description _____

**Location Status:**

Arrest Date _____

___ Already in Federal Custody as of _____ in _____

___ Already in State Custody   ___ On Pretrial Release   X Not in Custody

X Arrest Warrant Requested   ___ Fugitive   ___ Summons Requested

___ Arrest Warrant Pending   ___ Detention Sought   ___ Bond _____

**Defense Counsel Information:**

| | | |
|---|---|---|
| Name: Geremy Kamens | ___ Court Appointed | Counsel conflicted out: _____ |
| Address: _____ | ___ Retained | _____ |
| Telephone: 703-600-0800 | X Public Defender | Federal Public Defender's Office conflicted out: ___ |

**U.S. Attorney Information:**

AUSA John Eisinger       Telephone No: 703-299-3700       Bar # 65428

**Complainant Agency, Address & Phone Number or Person & Title:**

Special Agent Jadi Le, Army CID

**U.S.C. Citations:**

| | Code/Section | Description of Offense Charged | Count(s) | Capital/Felony/Misd/Petty |
|---|---|---|---|---|
| Set 1 | 18 U.S.C. § 1030(a)(2) | Computer Fraud | 1 | Class D Felony |
| Set 2 | | | | |
| Set 3 | | | | |

(May be continued on reverse)

Date: December 21, 2012       Signature of AUSA: _____

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **AMMIE BROTHERS** | ) | Case No. 1:12-CR-539 |
| | ) | |
| _Defendant_ | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_   **AMMIE BROTHERS** _____ ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:
Computer Fraud in violation of 18 U.S.C. § 1030(a)(2)

Date: ___12/27/2012___

_Issuing officer's signature_

City and state:   Alexandria, VA

Tenesha Cheatham, Deputy Clerk
_Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____, and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____ |
| _Arresting officer's signature_ |
| _Printed name and title_ |

Case 1:12-cr-00539-AJT Document 26 Filed 02/15/13 Page 9 of 89 PageID# 93

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:12CR539 |
| | ) | |
| | ) | Hon. Anthony J. Trenga |
| AMMIE BROTHERS, | ) | |
| | ) | Arraignment Date: Jan. 25, 2013 |
| Defendant. | ) | |
| _____ | ) | |

## UNOPPOSED MOTION FOR TRAVEL PURSUANT TO 18 U.S.C. § 4285

COMES NOW the Defendant, Ammie Brothers, by counsel, and respectfully moves this Court for an Order directing the United States Marshals Service to pay for the Defendant's non-custodial transportation for the arraignment pursuant to 18 U.S.C. § 4285. In support of this Motion, defendant states as follows:

1. Ms. Brothers stands charged with one count of unauthorized computer access in violation of 18 USC §1030(a)(2). She resides in Columbus, Georgia, with her husband and their two young children.

2. On or about January 3, 2012, counsel for Ms. Brothers and the government contacted chambers to schedule the arraignment in this matter, which has been set for January 25, 2012, at 9:00 a.m.

3. Ms. Brothers is not currently employed and has been found indigent for purposes of representation. Her husband was unemployed for a period of time after returning from Iraq, and just recently began working at a furniture store. She is the sole caretaker for their children during the day. Ms. Brothers and her husband are entirely

dependent upon his income to provide for their family and for all monthly expenses, which often exceed his earnings.  Additionally, Ms. Brothers and her husband have no savings or other source of income with which to finance her transportation.

4.     Counsel has conferred with Assistant U.S. Attorney John Eisinger, Esq., and the government does not oppose the defendant's request.

5.     A proposed order is attached.

For the foregoing reasons, Ms. Brothers respectfully requests that this Court issue an Order authorizing the Marshal's Service to arrange for her non-custodial transportation for the arraignment.

Respectfully submitted,
AMMIE BROTHERS

By Counsel,

Michael S. Nachmanoff,
Federal Public Defender

By:     _____/s/_____
        Geremy C. Kamens
        First Assistant Federal Public Defender
        Virginia Bar #41596
        Counsel for Ms. Hunter
        1650 King St., Suite 500
        Alexandria, Virginia 22314
        (703) 600-0800 (tel.)
        (703) 600-0880 (fax)
        Geremy_Kamens@fd.org

2

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January, 2013, I will electronically file the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

John Eisinger, Esq.
Assistant U.S. Attorney
2100 Jamieson Ave.
Alexandria, Va. 22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

_____/s/_____
Geremy C. Kamens

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:12CR539 |
| | ) | |
| | ) | Hon. Anthony J. Trenga |
| AMMIE BROTHERS, | ) | |
| | ) | Arraignment Date: Jan. 25, 2013 |
| Defendant. | ) | |
| ——————————————————— | ) | |

## CONSENT ORDER

This matter comes before the Court for entry of an Order directing the United States Marshals Service to pay for the Defendant's non-custodial transportation from Columbus, Georgia to Alexandria, Virginia and to furnish the Defendant with subsistence expenses while she is in the Alexandria, Virginia area pursuant to Title 18 U.S.C. § 4285; and

IT APPEARING that there is good and just cause shown based upon the Defendant's indigent status before the Court and that her presence is required in the United States District Court for the Eastern District of Virginia before the Honorable Anthony J. Trenga for arraignment on Friday, January 25, 2013 at 9:00 a.m., it is hereby

ORDERED that the United States Marshals Service be and is directed to arrange for and pay the cost of such non-custodial transportation on Thursday, January 24, 2013, and to furnish the Defendant with subsistence expenses, including reimbursement for lodging, meals and travel to and from the airport to and from the courthouse, and it is further

ORDERED that the United States Marshals Service arrange transportation for the Defendant from Alexandria, Virginia following the arraignment, returning to Columbus,

Georgia, and it is further

ORDERED that the Clerk of the Court shall provide copies of this Order to the United

States Marshals Service and to all counsel of record.


ENTERED this ____ day of January, 2013


_____
Anthony J. Trenga
United States District Judge

USCA4  13

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: John Frank Eisinger (john.eisinger@usdoj.gov,
usavae.alx.ecf.frcc@usdoj.gov), Geremy C. Kamens (geremy_kamens@fd.org, vaeaxecf@fd.org),
District Judge Anthony J Trenga (ajt_chambers@vaed.uscourts.gov,
annise_maguire@vaed.uscourts.gov, anthony_trenga@vaed.uscourts.gov,
elizabethann_johnston@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4354777@vaed.uscourts.gov
Subject:Activity in Case 1:12-cr-00539-AJTVAED USA v. Brothers Set/Reset Hearings
```
Content–Type: text/html

## U.S. District Court

## Eastern District of Virginia –

## Notice of Electronic Filing

The following transaction was entered on 1/7/2013 at 12:14 PM EST and filed on 1/7/2013

| | |
|---|---|
| **Case Name:** | USA v. Brothers |
| **Case Number:** | 1:12–cr–00539–AJT |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Set Hearings as to Ammie Brothers:**
**Arraignment set for 1/25/2013 at 09:00 AM in Alexandria Courtroom 701 before District Judge Anthony J Trenga.**
**(kbro)**

**1:12–cr–00539–AJT–1 Notice has been electronically mailed to:**

Geremy C. Kamens    Geremy_Kamens@fd.org, vaeaxecf@fd.org

John Frank Eisinger    John.Eisinger@usdoj.gov, USAVAE.ALX.ECF.FRCC@usdoj.gov

**1:12–cr–00539–AJT–1 Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Case No. 1:12CR539
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Hon. Anthony J. Trenga
AMMIE BROTHERS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Arraignment Date: Jan. 25, 2013
　　　　　　　Defendant.　　　　　　)
　　　　　　　　　　　　　　　　　　)

## CONSENT ORDER

This matter comes before the Court for entry of an Order directing the United States Marshals Service to pay for the Defendant's non-custodial transportation from Columbus, Georgia to Alexandria, Virginia and to furnish the Defendant with subsistence expenses while she is in the Alexandria, Virginia area pursuant to Title 18 U.S.C. § 4285; and

IT APPEARING that there is good and just cause shown based upon the Defendant's indigent status before the Court and that her presence is required in the United States District Court for the Eastern District of Virginia before the Honorable Anthony J. Trenga for arraignment on Friday, January 25, 2013 at 9:00 a.m., it is hereby

ORDERED that the United States Marshals Service be and is directed to arrange for and pay the cost of such non-custodial transportation on Thursday, January 24, 2013, and to furnish the Defendant with subsistence expenses, including reimbursement for lodging, meals and travel to and from the airport to and from the courthouse, and it is further

ORDERED that the United States Marshals Service arrange transportation for the Defendant from Alexandria, Virginia following the arraignment, returning to Columbus,

USCA4  15

Georgia, and it is further

ORDERED that the Clerk of the Court shall provide copies of this Order to the United

States Marshals Service and to all counsel of record.

ENTERED this 11 day of January, 2013

/s/

Anthony J. Trenga
United States District Judge
Anthony J. Trenga
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 1:12CR539** |
| | ) | |
| AMMIE BROTHERS, | ) | **The Honorable Anthony J. Trenga** |
| | ) | |
| Defendant. | ) | |

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Jessica N. Carmichael, Pro Bono Attorney, Office of the

Federal Public Defender, hereby enters her appearance on behalf of the defendant in the above-

entitled action.


Respectfully submitted,
Ammie Brothers

Michael S. Nachmanoff
Federal Public Defender


By:        /s/
Jessica N. Carmichael
Pro Bono Attorney
Va. Bar No. 78339
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0835 (phone)
(703) 600-0880 (fax)
Jessica_Carmichael@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2013, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John Eisinger, Esq
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia   22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the

foregoing pleading will be delivered to Chambers within one business day of the electronic

filing.

By: _____/s/_____
Jessica N. Carmichael
Pro Bono Attorney
Va. Bar No. 78339
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0835 (phone)
(703) 600-0880 (fax)
Jessica_Carmichael@fd.org

Case 1:12-cr-00539-AJT Document 26 Filed 02/15/13 Page 19 of 89

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 1:12CR539** |
| | ) | |
| AMMIE BROTHERS, | ) | The Honorable Anthony J. Trenga |
| | ) | |
| Defendant. | ) | |

## MOTION FOR TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA, COLUMBUS DIVISION

COMES NOW the Defendant, Ammie Brothers ("Ms. Brothers"), by her attorney, Geremy C. Kamens, and files this Motion pursuant to Federal Rules of Criminal Procedure 21(b) to transfer this case to the United States District Court for the Middle District of Georgia, Columbus Division.

### BACKGROUND

On December 27, 2012, Ms. Brothers was indicted by a grand jury sitting in the Eastern District of Virginia. That indictment charges Ms. Brothers with one count of unauthorized computer access in violation of 18 U.S.C. § 1030(a)(2). The government alleges that Ms. Brothers unlawfully gained access to the Army Knowledge Online ("AKO") accounts of her husband's ex-wife ("S.E.") and S.E.'s husband ("W.E."). The indictment states that the AKO servers are located in the Eastern District of Virginia. Ms. Brothers resides in Columbus, Georgia. On information and belief, S.E. resides in Korea as her current duty station in the U.S. military.

Although the indictment states that the information obtained through the unauthorized computer access "has a value in excess of $5000," the indictment does not allege that the victims

sustained any actual monetary loss. S.E. was the primary focus of the alleged unauthorized

access. Law enforcement agents executed a search warrant at Ms. Brothers' house in Columbus,

Georgia, and obtained a statement from Ms. Brothers in Columbus, Georgia.

## ARGUMENT

This Court should transfer this matter to the Middle District of Georgia, Columbus

Division, pursuant to its authority under Federal rule of Criminal Procedure 21(b). Federal Rule

of Criminal Procedure 21(b) provides:

> Upon the defendant's motion, the court may transfer the proceeding,
> or one or more counts, against that defendant to another district for
> the convenience of the parties and witnesses and in the interest of
> justice.

The propriety of a transfer pursuant to Federal Rule of Criminal Procedure 21(b) is

committed to the discretion of the district court. *United States v. Espinoza*, 641 F.2d 153, 162

(4th Cir. 1981). In guiding that discretion, Federal Rule 21(b) focuses on convenience to the

parties, witnesses, and the Court, and is distinct from the rule protecting a defendant's right to a

fair trial. As a leading treatise explains, decisions on transfer motions under Rule 21(b) require

an examination of the "circumstances of the particular case [to] determine what place of trial will

best serve convenience and the interest of justice in that case." 2 C. Wright & P. Henning, Fed.

Prac. & Proc. Crim. § 345 (4th ed. 2008). Moreover, "[t]here should be no general rule [in favor

of retaining jurisdiction in the original district], although it is proper to require the defendant, as

the moving party, to carry the burden of showing why a transfer would serve the purposes

specified in the rule." *Id.* As Judge Posner of the Court of Appeals for the Seventh Circuit has

explained: "Nothing in Rule 21(b) . . . place[s] on the defendant . . . the burden of establishing

USCA4 20

'truly compelling circumstances' for such a change.  It is enough if, all relevant things considered, the case would be better off transferred to another district." *In re Balsimo,* 68 F.3d 185, 187 (7th Cir. 1995).

In examining the particular facts of each case, courts look to a list of ten factors cited approvingly by the Supreme Court in *Platt v. Min. & Mfg. Co.*, 376 U.S. 240, 243-44 (1964), to guide the exercise of discretion under Rule 21(b) ("the *Platt* factors").  Those factors are:

> "(1) location of corporate defendant;[1] (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any special elements which might affect the transfer."

376 U.S. 240, 243-44 (1964).  The *Platt* factors weigh in favor of transferring this case to the Middle District of Georgia, Columbus Division for the reasons set forth below.

*i. Residence of the Defendant:* "[T]he Fourth Circuit has held that a defendant should be tried in a court close to where the defendant lives." *United States v. Ferguson*, 432 F. Supp.2d 559, 562 (E.D. Va. 2006) (citing *United States v. Lenihan*, 19 F.3d 1430, 1994 WL 102149, at *4 (4th Cir. March 29, 1994) (unpublished); *United States v. Lima*, No. 34 CR 800, 1995 WL 348105, at *3 (N.D.Ill. June 1, 1995) (unpublished) (transferring venue because the proposed venue "would cause less disruption of his family life."); *United States v. Russell*, 582 F.Supp. 660, 662 (S.D.N.Y.1984) (reasoning that "wherever possible, defendants should be tried where they reside").  Ms. Brothers lives in Columbus, Georgia with her husband and two small

---

[1]     *Platt* involved a corporation, but courts following *Platt* have applied this factor to individual defendants by looking to the defendant's residence.  *See, e.g., U.S. v. Polizzi,* 500 F.2d 856 (9th Cir. 1974).

3

children.  The location of this prosecution is particularly significant to Ms. Brothers because she is the sole caretaker for her children while her husband works during the day.

   ii.  *Location of Possible Witnesses:* The two main non-law enforcement individuals alleged to be involved in this case do not live in the Eastern District of Virginia.  During the time of the alleged actions, Ms. Brothers resided in Texas and Georgia, and currently resides in Georgia.  S.E., the primary focus of the alleged conduct, currently resides in Korea.  Accordingly, holding a trial in this district "will result in a 'substantial balance of inconvenience' because a significant number of key witnesses are located [outside the] area and not in the Eastern District of Virginia."  *See Ferguson*, 432 F. Supp.2d at 565.

   iii.  *Location of Events Likely to be in Issue:* All of the events involving Ms. Brothers' alleged conduct occurred in either Texas or Columbus, Georgia.  Although the indictment states that the AKO servers are located within the Eastern District of Virginia, that alone is not a sufficient reason to maintain the case in this district.  See *Ferguson*, 432 F. Supp.2d at 566 ("The Court finds that basing venue on the fact that the SEC's EDGAR server happens to be in this district is insufficient. There must be a greater connection with this district, especially in this case where the majority of the alleged criminal activity took place in [other states].")

   iv.  *Location of Documents and Records Likely to be Involved:* As noted above, Ms. Brothers allegedly obtained information through the use of a computer and internet connections from her residences in Georgia and Texas.  Information related to her computer access amounts to a relatively modest set of documents, and presumably are drawn from records held by internet service providers in Georgia and Texas as well as records from electronic data held in this district.

USCA4  22

*v. Disruption of Defendant's Business:* Ms. Brothers and her husband have two young children. Ms. Brothers is the sole caretaker for their children during the day while her husband works. Litigating her criminal case in Virginia would significantly impact her role as caretaker for their children, given that it would almost assuredly require multiple overnight stays away from home. This factor weighs heavily in favor of a transfer. *See Lima*, 1995 WL 348105, at *3 (transferring venue because the proposed venue "would cause less disruption of his family life.").

*vi. Expense to the Parties:* This court held in *Ferguson* that even when the defendants "are people of significant financial means" (which does not apply to Ms. Brothers in this case) "the government is in a better position to bear the additional expense of trying the case in Connecticut." *Ferguson*, 432 F. Supp. at 567-68 (citing *United States v. Martino*, No. S1 CR 389, 2000 WL 1843233, *7 (S.D.N.Y. December 14, 2000) (unpublished) (finding that "the government is in a better position to bear such an expense")). Ms. Brothers has been appointed counsel, and does not have sufficient funds to make repeated trips to the Eastern District of Virginia. Likewise, lodging costs would constitute a significant expense during hearings and trial. Transferring this case would limit expenditure by the U.S. Marshals to transport Ms. Brothers to and from this district.

*vii. Location of Counsel:* Ms. Brothers has been appointed counsel, and would undoubtedly have counsel appointed in the Middle District of Georgia. In fact, the Middle District of Georgia has a Federal Community Defender, and that office almost certainly could be appointed in this matter. The United States is represented by the Department of Justice, and would be represented in the Middle District of Georgia through the United States Attorney's Office.

USCA4 23

viii. *Relative Accessibility of Place of Trial:* Because the defendant resides in Columbus,

Georgia, the Middle District of Georgia, Columbus Division is significantly more accessible as a

place of trial than the Eastern District of Virginia.  *See Ferguson*, 432 F. Supp. 2d at 568; *United*

*States v. Hurwitz*, 573 F.Supp. 547, 554 (S.D.W.Va.1983) (holding that courts should be

"[m]indful of the location of witnesses and counsel" in weighing the relative accessibility of the

place of trial).

ix. *Docket Condition of Each District or Division Involved:* The Middle District of

Georgia, Columbus Division has a far smaller criminal docket than the Eastern District of

Virginia.  For example, the latest statistics show not only that the Eastern District of Virginia has

over nine times as many pending criminal cases as the Middle District of Georgia, 3,361 to 355,

but also that the number of pending criminal filings increased in E.D.Va. from 2010 to 2011 by

5.6 percent, while pending criminal cases decreased by 1.9 percent during the same period in the

Middle District of Georgia.  *See* Federal Judicial Caseload Statistics, Table D,

http://www.uscourts.gov/caseload2009/contents.html (visited January 4, 2013).[2]  Moreover,

according to the latest available statistics from 2011, judges in the Eastern District of Virginia

had significantly more criminal case filings compared to their colleagues in the Middle District of

---

[2]      The Middle District of Georgia has five federal district judges, compared with seventeen
in the Eastern District of Virginia.  *See* http://www.gamd.uscourts.gov/personnel.htm (visited
January 4, 2013).  The most recent Federal Court Management Statistics, dating from 2011,
apparently omit senior district judges, and provide that the Middle District of Georgia had four
judges, while the Eastern District of Virginia had eleven.  *See*
http://www.uscourts.gov/fcmstat/index.html (visited January 4, 2013).  The Federal Court
Management Statistics Report from 2011 provides that in the Middle District of Georgia, there
were 70 criminal filings per judgeship, and the median time to criminal disposition was 9
months.  The same report provides that in the Eastern District of Virginia, there were 104
criminal filings per judgeship, and the median time to criminal disposition was 4.9 months.  *Id.*

USCA4  24

Georgia. *See* http://www.uscourts.gov/fcmstat/index.html (visited January 4, 2013) (showing criminal filings of 104 per judgeship in E.D.Va. in 2011, and 70 per judgeship in M.D. Ga.).

In sum, most if not all of the *Platt* factors weigh in favor of a transfer of this matter. The conduct at the heart of the indictment—the alleged unauthorized access to S.E. and W.E.'s AKO accounts—allegedly originated either in Texas or the Middle District of Georgia where Ms. Brothers currently resides with her husband and two young children. She has no ties to the Eastern District of Virginia. The main alleged victim in this case resides in Korea, and server locations have been held insufficient to constitute a basis for refusing to transfer a case. In sum, allowing the case to move forward in the Eastern District of Virginia would result in far greater inconvenience to Ms. Brothers in comparison with the limited connections between this case and this District. Accordingly, based on all of the *Platt* factors, this Court should transfer this matter to the Middle District of Georgia, Columbus Division.

## CONCLUSION

For all of the foregoing reasons, Ms. Brothers respectfully requests that the Court transfer this matter to the United States District Court for the Middle District of Georgia, Columbus Division.

> Respectfully submitted,
> Ammie Brothers
> By Counsel,
>
> MICHAEL S. NACHMANOFF
> Federal Public Defender
>
>
> _____/s/_____
> Geremy C. Kamens, Esq.
> Va. Bar No. 41596

USCA4 25

Attorney for Ms. Brothers
First Assistant Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:     703-600-0828
Facsimile:     703-600-0880
Geremy_Kamens@fd.org

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Lindsay Kelly, Esq
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia   22314


_____/s/_____
Geremy C. Kamens, Esquire
Va. Bar No. 41596
Attorney for Ms. Brothers
Assistant Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:     703-600-0848
Facsimile:     703-600-0880
Geremy_Kamens@fd.org

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:12CR539 |
| | ) | |
| | ) | Hon. Anthony J. Trenga |
| AMMIE BROTHERS, | ) | |
| | ) | Arraignment Date: Jan. 25, 2013 |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO STRIKE PREDICATE OFFENSES CONTAINED IN THE INDICTMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS

Ms. Ammie Brothers, through counsel, hereby moves this Court for an order striking the predicate offenses listed in the indictment against her which charges computer fraud in violation of 18 U.S.C. § 1030(a)(2). Specifically, the Court should strike the language in the indictment stating that the alleged violation of § 1030(a)(2) occurred "in furtherance of violations of Virginia Code Sections 18.2-152.4 and 18.2-152.5" because the same conduct provides the basis for both the charged offense and the predicate offenses. In the alternative, Ms. Brothers requests that the Court require the government to file a bill of particulars.

## BACKGROUND

On December 27, 2012, a grand jury sitting in the Eastern District of Virginia issued an indictment charging that Ms. Brothers "access[ed] computers without authorization and thereby obtain[ed] information from any department or agency of the United States." The indictment further alleges that Ms. Brothers "gained unauthorized access to the Army Knowledge Online (AKO) accounts of S.E. and W.E. and obtained personal information about the victims."

Pursuant to 18 U.S.C. § 1030(c)(2), this offense would otherwise constitute a

misdemeanor unless (1) the offense was committed for purposes of private financial gain; (2) the offense was committed in furtherance of another unlawful crime or tort; or (3) the value of the information obtained exceeds $5,000.  18 U.S.C. § 1030(c)(2)(A) & (B).  The indictment does not allege that Ms. Brothers committed the offense for financial gain.

However, the indictment alleges that the information obtained by Ms. Brothers both "has a value in excess of $5000," and "was obtained in furtherance of violations of Virginia Code Sections 18.2-152.4 and 18.2-152.5."  The indictment does not allege which provisions of the predicate offenses Ms. Brothers purportedly sought to further through her unauthorized computer access, nor does it allege facts sufficient to indicate that the charged offense and the predicate offenses are based on distinct conduct.

As a general matter, Virginia Code § 18.2-152.4 proscribes the offense of computer trespass, a misdemeanor that encompasses conduct designed, with malicious intent, to alter, disable, erase, or copy computer data.  Virginia Code § 18.2-152.5 proscribes the offense of computer invasion of privacy, a misdemeanor which includes the use of a computer to examine without authority another person's employment, salary, credit, financial, or identifying information.  Va. Code § 18.2-152.5(A).

## ARGUMENT

### The Predicate Offenses Should Be Stricken Because the Indictment Fails to Allege that the Predicates Arise from Conduct Distinct from the Charged Offense.

Section 1030(a)(2) of Title 18 prohibits the unauthorized access of a computer to obtain information from a department or agency of the United States.  § 1030(a)(2)(B).  When such access is done in furtherance of another criminal offense, the violation constitutes a felony with a

USCA4  29

five year maximum penalty.

For two reasons, a predicate offense that elevates a § 1030 violation from a misdemeanor to a felony must be based on conduct distinct from that which constitutes the unauthorized access of a computer. First, if the same conduct supports both the violation of § 1030 and the predicate offense, then every violation of § 1030 could be charged as a felony. Therefore, such a construction would contravene Congress's intention that § 1030 violations constitute misdemeanor offenses in the absence of aggravating factors. *Cf. United States v. Wegg*, 919 F. Supp. 898, 903 (E.D. Va. 1996) ("It is axiomatic that where a statute describes an offense generally and attributes felony punishment to all violators except for an excepted group who may only receive misdemeanor punishment, those in the excepted group may only be prosecuted for the misdemeanor.").

Second, an indictment that fails to allege predicate offenses based upon distinct conduct poses a merger problem. *See United States v. Cioni*, 649 F.3d 276, 281-82 (4th Cir. 2011). In *Cioni*, the defendant was charged with violating 18 U.S.C. § 1030 based upon an "anonymous electronic campaign of harassment" against her former lover with whom she had been having an affair. *Id.* at 279. The offense was charged as a felony because the conduct allegedly occurred "'in furtherance of' a violation of 18 U.S.C. § 2701(a) (obtaining access to communications in electronic storage)." *Id.* at 278.

On appeal, the Fourth Circuit noted that "[i]f the violation of [the predicate offense] 18 U.S.C. § 2701 involved the commission of a *distinct crime*, the 'in furtherance of' allegation would elevate the misdemeanor alleged in Count 2 to a felony." *Id.* at 281 (emphasis added). Acknowledging that § 1030 and § 2701 did not contain identical elements, the court nonetheless

-3-

vacated the felony conviction and remanded for entry of a misdemeanor because the same conduct supported both the charged offense and the predicate. *Id.* at 283. As the Fourth Circuit explained, "the indictment [must] allege facts sufficient to indicate that the two crimes were based on distinct conduct." *Id.* Otherwise, the offense "creates a merger problem, implicating double jeopardy principles." *Id.*

In this case, the indictment essentially alleges that Ms. Brothers committed unauthorized computer access in violation of 18 U.S.C. § 1030 in furtherance of predicate offenses proscribing unauthorized computer access. From the face of the indictment, there is no difference between the conduct that supports the charged offense and the conduct that supports the predicate offenses. Accordingly, because "the indictment does not allege facts sufficient to indicate that the two crimes were based on distinct conduct," *id.* at 283, the Court should strike the predicate offenses of computer trespass in violation of Virginia Code § 18.2-152.4, and computer invasion of privacy in violation of Virginia Code § 18.2-152.5.

In the alternative, the government should be required to file a Bill of Particulars setting forth the specific provisions of the predicate offenses that Ms. Brothers allegedly sought to "further" through her unauthorized access, and facts "sufficient to indicate that the [charged offense and predicate offenses] were based on distinct conduct." *Cioni*, 649 F.3d at 283.

## CONCLUSION

Because the government's indictment does not contain facts sufficient to show that the predicate offenses were based on conduct distinct from the charged offense, the Court should strike the predicate offenses from the indictment. In the alternative, the Court should order the government to file a Bill of Particulars.

-4-

Respectfully submitted,
AMMIE BROTHERS

By Counsel,
Michael S. Nachmanoff,
Federal Public Defender

By:        /s/
Geremy C. Kamens, Esquire
First Assistant Federal Public Defender
Virginia Bar No.41596
Jessica N. Carmichael, Esquire
Pro Bono Attorney
Virginia Bar No. 78339
Attorneys for Ammie Brothers
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0850 (telephone)
(703)600-0880 (facsimile)
Geremy_Kamens@fd.org

-5-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of January 2013, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Lindsay Kelly, Esquire
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

_____/s/_____
Geremy C. Kamens, Esquire
Attorney for Ammie Brothers
Virginia Bar No.41596
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703)600-0850 (telephone)
(703)600-0880 (facsimile)
Geremy_Kamens@fd.org

-6-

Case 1:12-cr-00539-AJT Document 26 Filed 02/15/13 Page 34 of 89 PageID# 318

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:12CR539 |
| | ) | |
| | ) | Hon. Anthony J. Trenga |
| AMMIE BROTHERS, | ) | |
| | ) | Arraignment Date: Jan. 25, 2013 |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO STRIKE PREDICATE OFFENSES CONTAINED IN THE INDICTMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS

Ms. Ammie Brothers, through counsel, hereby moves this Court for an order striking the predicate offenses listed in the indictment against her which charges computer fraud in violation of 18 U.S.C. § 1030(a)(2). Specifically, the Court should strike the language in the indictment stating that the alleged violation of § 1030(a)(2) occurred "in furtherance of violations of Virginia Code Sections 18.2-152.4 and 18.2-152.5" because the same conduct provides the basis for both the charged offense and the predicate offenses. In the alternative, Ms. Brothers requests that the Court require the government to file a bill of particulars.

## BACKGROUND

On December 27, 2012, a grand jury sitting in the Eastern District of Virginia issued an indictment charging that Ms. Brothers "access[ed] computers without authorization and thereby obtain[ed] information from any department or agency of the United States." The indictment further alleges that Ms. Brothers "gained unauthorized access to the Army Knowledge Online (AKO) accounts of S.E. and W.E. and obtained personal information about the victims."

Pursuant to 18 U.S.C. § 1030(c)(2), this offense would otherwise constitute a

misdemeanor unless (1) the offense was committed for purposes of private financial gain; (2) the offense was committed in furtherance of another unlawful crime or tort; or (3) the value of the information obtained exceeds $5,000. 18 U.S.C. § 1030(c)(2)(A) & (B). The indictment does not allege that Ms. Brothers committed the offense for financial gain.

However, the indictment alleges that the information obtained by Ms. Brothers both "has a value in excess of $5000," and "was obtained in furtherance of violations of Virginia Code Sections 18.2-152.4 and 18.2-152.5." The indictment does not allege which provisions of the predicate offenses Ms. Brothers purportedly sought to further through her unauthorized computer access, nor does it allege facts sufficient to indicate that the charged offense and the predicate offenses are based on distinct conduct.

As a general matter, Virginia Code § 18.2-152.4 proscribes the offense of computer trespass, a misdemeanor that encompasses conduct designed, with malicious intent, to alter, disable, erase, or copy computer data. Virginia Code § 18.2-152.5 proscribes the offense of computer invasion of privacy, a misdemeanor which includes the use of a computer to examine without authority another person's employment, salary, credit, financial, or identifying information. Va. Code § 18.2-152.5(A).

## ARGUMENT

### The Predicate Offenses Should Be Stricken Because the Indictment Fails to Allege that the Predicates Arise from Conduct Distinct from the Charged Offense.

Section 1030(a)(2) of Title 18 prohibits the unauthorized access of a computer to obtain information from a department or agency of the United States. § 1030(a)(2)(B). When such access is done in furtherance of another criminal offense, the violation constitutes a felony with a

-2-

five year maximum penalty.

For two reasons, a predicate offense that elevates a § 1030 violation from a misdemeanor to a felony must be based on conduct distinct from that which constitutes the unauthorized access of a computer. First, if the same conduct supports both the violation of § 1030 and the predicate offense, then every violation of § 1030 could be charged as a felony. Therefore, such a construction would contravene Congress's intention that § 1030 violations constitute misdemeanor offenses in the absence of aggravating factors. *Cf. United States v. Wegg*, 919 F. Supp. 898, 903 (E.D. Va. 1996) ("It is axiomatic that where a statute describes an offense generally and attributes felony punishment to all violators except for an excepted group who may only receive misdemeanor punishment, those in the excepted group may only be prosecuted for the misdemeanor.").

Second, an indictment that fails to allege predicate offenses based upon distinct conduct poses a merger problem. *See United States v. Cioni*, 649 F.3d 276, 281-82 (4th Cir. 2011). In *Cioni*, the defendant was charged with violating 18 U.S.C. § 1030 based upon an "anonymous electronic campaign of harassment" against her former lover with whom she had been having an affair. *Id.* at 279. The offense was charged as a felony because the conduct allegedly occurred "'in furtherance of' a violation of 18 U.S.C. § 2701(a) (obtaining access to communications in electronic storage)." *Id.* at 278.

On appeal, the Fourth Circuit noted that "[i]f the violation of [the predicate offense] 18 U.S.C. § 2701 involved the commission of a *distinct crime*, the 'in furtherance of' allegation would elevate the misdemeanor alleged in Count 2 to a felony." *Id.* at 281 (emphasis added). Acknowledging that § 1030 and § 2701 did not contain identical elements, the court nonetheless

-3-

USCA4  36

vacated the felony conviction and remanded for entry of a misdemeanor because the same conduct supported both the charged offense and the predicate. *Id.* at 283. As the Fourth Circuit explained, "the indictment [must] allege facts sufficient to indicate that the two crimes were based on distinct conduct." *Id.* Otherwise, the offense "creates a merger problem, implicating double jeopardy principles." *Id.*

In this case, the indictment essentially alleges that Ms. Brothers committed unauthorized computer access in violation of 18 U.S.C. § 1030 in furtherance of predicate offenses proscribing unauthorized computer access. From the face of the indictment, there is no difference between the conduct that supports the charged offense and the conduct that supports the predicate offenses. Accordingly, because "the indictment does not allege facts sufficient to indicate that the two crimes were based on distinct conduct," *id.* at 283, the Court should strike the predicate offenses of computer trespass in violation of Virginia Code § 18.2-152.4, and computer invasion of privacy in violation of Virginia Code § 18.2-152.5.

In the alternative, the government should be required to file a Bill of Particulars setting forth the specific provisions of the predicate offenses that Ms. Brothers allegedly sought to "further" through her unauthorized access, and facts "sufficient to indicate that the [charged offense and predicate offenses] were based on distinct conduct." *Cioni*, 649 F.3d at 283.

## CONCLUSION

Because the government's indictment does not contain facts sufficient to show that the predicate offenses were based on conduct distinct from the charged offense, the Court should strike the predicate offenses from the indictment. In the alternative, the Court should order the government to file a Bill of Particulars.

-4-

USCA4 37

Respectfully submitted,
AMMIE BROTHERS

By Counsel,
Michael S. Nachmanoff,
Federal Public Defender

By: _____/s/_____
      Geremy C. Kamens, Esquire
      First Assistant Federal Public Defender
      Virginia Bar No.41596
      Jessica N. Carmichael, Esquire
      Pro Bono Attorney
      Virginia Bar No. 78339
      Attorneys for Ammie Brothers
      Office of the Federal Public Defender
      1650 King Street, Suite 500
      Alexandria, VA  22314
      (703)600-0850 (telephone)
      (703)600-0880 (facsimile)
      Geremy_Kamens@fd.org

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January 2013, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Lindsay Kelly, Esquire
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA   22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

_____/s/_____

Geremy C. Kamens, Esquire
Attorney for Ammie Brothers
Virginia Bar No.41596
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0850 (telephone)
(703)600-0880 (facsimile)
Geremy_Kamens@fd.org

-6-

# UNITED STATES DISTRICT COURT
## ** ARRAIGNMENT **

Case No.   1:12CR00539-001                      Date: 01/25/2013
Court Time:  9:00 a.m. – 9:03 a.m.

---

DOCKET ENTRY:   **Arraignment**

---

U.S.A. vs. <u>Ammie Brothers</u>

PRESENT:  Honorable Anthony J. Trenga, U. S. District Judge
<u>Kristina Brown</u>             ,  Deputy Clerk
<u>R. Montgomery</u>             ,  Court Reporter
<u>Lindsay  Kelly</u>             , Asst. U. S. Attorney
<u>Geremy Kamens/Jessica Carmichael</u>   , Attorney for Defendant
<u>N/A</u>                       ,  Interpreter

**PROCEEDINGS:**

☒  Defendant is arraigned and specifically advised of rights.

☒  Defendant waives reading of indictment - WFA

☐  Indictment/Information read.

**PLEA:**        **NOT GUILTY ON ALL COUNTS**

☐  Defendant waived Speedy Trial and Court finds Speedy Trial to be waived - - Waiver of Speedy Trial entered in open Court.

MOTIONS TO BE FILED BY:  **02/08/2013** w/ ARGUMENT ON **02/15/2013** at **9:00 a.m.***
* Deft excused upon the filing of a Waiver of Appearance

CASE CONTINUED TO **03/05/2013** at **10:00 a.m.** FOR JURY TRIAL

☒  **Discovery Order entered in open Court**

**Deft**  ☐ Remanded         ☐ Continued on Bond    ☒ Released on  <u>$10,000 unsecured</u>  Bond –
                                                see Order Setting Conditions of Release

AO 199A (Rev. 6/97) Order Setting Conditions of Release

FILED
IN OPEN COURT

JAN 2 5 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# UNITED STATES DISTRICT COURT

_____Eastern_____ **District of** _____Virginia_____

| United States of America | ORDER SETTING CONDITIONS |
| --- | --- |
| V. | OF RELEASE |

Defendant: Ammie Brothers

Case Number: 1:12cr00539-001

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as

directed. The defendant shall appear at (if blank, to be notified) _____ United States District Court

____401 Courthouse Sq., Alexandria, VA____ on ____March 5, 2013 @ 10:00 am (Jury)____

Place

Date and Time

Feb 15, 2013 @ 9:00 (Motions)

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✓ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ✓ ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

____ten thousand dollars & 00/100____ dollars ($ 10,000.00)

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL   SERVICES   U.S. ATTORNEY   U.S. MARSHAL

Case 1:12-cr-00097-JTN Document 262 Filed 02/15/13 Page 42 of 89 Page ID #126


## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(   ) (6) The defendant is placed in the custody of:

(Name of person or organization) _____

(Address) _____

(City and State) _____ (Tel.No.) _____

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____

Custodian of Proxy

( X )(7) The defendant shall:

( ) (a) maintain or actively seek employment.

( ) (b) maintain or commence an educational program.

( ) (c) abide by the following restriction on his personal associations, place of abode, or travel:
**Do not depart the Washington D.C. metropolitan area without prior approval of Pretrial Services or the Court.**
_____

( ) (d) avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses: _____
_____

(✓) (e) report on a regular basis to the following agency: __**Pretrial Services.**__

( ) (f) comply with the following curfew: _____
_____

( ) (g) refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (h) refrain from excessive use of alcohol, and any use or unlawful possession of a narcotic drug or controlled substance defined in 21 U.S.C. 802 unless prescribed by a licensed medical person.

( ) (i) undergo medical or psychiatric treatment and/or remain in an institution, as follows: _____
_____

( ) (j) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property:_____
_____

( ) (k) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money:_____
_____

( ) (l) execute a bail bond with the solvent sureties in the amount of $ _____

( ) (m) return to custody each (week) day as of _____o'clock after being released each (week) day as of _____o'clock for employment, schooling, or the following limited purpose(s): _____

( ) (n) surrender any passport or other travel documents to: _____

( ) (o) obtain no passport or travel documents.

( ) (p) undergo substance abuse testing and/or treatment as directed at the direction of Pretrial Services.

( ) (q) the defendant shall not operate a motor vehicle without a valid license.

( ) (r) the defendant is placed on home detention with electronic monitoring as directed.

(✓) (s) notify current employer of charged offense, as directed by PTS

(✓) (t) not open any new lines of credit w/o permission from PTS

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

Columbus GA
_____
City and State                                   Telephone

## Directions to United States Marshal

(   ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____ Jan. 25, 2013 _____

_____
Signature of Judicial Officer

Anthony J. Trenga
United States District Judge
_____
Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 1:12CR539
)
AMMIE BROTHERS, )
        Defendant )

FILED
IN OPEN COURT

JAN 2 5 2013

CLERK U.S. DIST...
ALEXANDRIA ...

## ORDER

Upon the motion of the defendant, AMMIE BROTHERS, by and through counsel, and with the agreement of the government, by and through its counsel, it is hereby,

### I. Discovery and Inspection

ORDERED pursuant to FED. R. CRIM. P. 16(a), that no later than seven calendar days before trial, unless for good cause shown:

1. The government shall disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. The government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

It is further ORDERED that

5. The government shall disclose to the defendant no later than ten business days before trial, a written summary of testimony the government intends to use under Rules 702, 703, or 705, FEDERAL RULES OF EVIDENCE, at trial, unless the expert testimony is to be offered in response to a previously-noticed expert of a defendant, in which case the disclosure pursuant to this paragraph must be provided not later than five business days prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses'

2

qualifications. In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

It is further ORDERED pursuant to FED. R. CRIM. P. 16(b), that upon government compliance with the foregoing,

6. The defendant shall permit the government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7. The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

8. The defendant shall disclose to the government no later than ten business days before trial, a written summary of testimony the defendant intends to use under Rules 702, 703, and 705, FEDERAL RULES OF EVIDENCE, as evidence at trial unless the expert testimony is to be offered in response to a previously-noticed expert of the government, in which case the disclosure pursuant to this paragraph must be provided not later than five business days prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

USCA4 46

## II. FEDERAL RULE OF EVIDENCE 404(b)

It is further ORDERED that, no later than seven calendar days before trial, the government shall provide notice to the defendant, in accordance with FED. R. EVID. 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce at trial, except that, upon motion of the government and for good cause shown, the court may excuse such pretrial notice.

## III. Brady Material

It is further ORDERED that the government shall comply with its obligations to produce promptly exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

## IV. Jencks/Giglio Materials

It is further ORDERED that, no later than five calendar days before trial, the government shall produce to the defendant the Jencks Act and Giglio materials for the witnesses who will testify in the government's case in chief.

Counsel for the defendant may disclose the contents of said Jencks Act and Giglio materials to his client, but may not provide his client with said documents or reproductions thereof.

At the request of the government and consistent with the ethical responsibilities of defense counsel, all Jencks Act, Giglio materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

4

It is further ORDERED pursuant to FED. R. CRIM. P. 26.2, that no later than five calendar days prior to trial, the defendant, by and through his counsel, shall produce to the government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

### V. Notice of Alibi

It is further ORDERED pursuant to FED. R. CRIM. P. 12.1 that, no later than 20 calendar days before trial, the defendant, by and through counsel, shall comply with Rule 12.1(a) if the defendant intends to offer a defense of alibi, and further that the defendant and the government shall comply with Rules 12.1(b) and (c) within the time period set out in those rules, except upon motion of the parties and for good cause shown.

### VI. Stipulations

It is further ORDERED that the parties shall file proposed stipulations with the Court no later than three business days before trial. Additional stipulations may be submitted thereafter by the parties upon approval by the Court.

_____
Anthony J. Trenga    /s/
United States District Judge

_____
Hon. Anthony J. Trenga
United States District Judge

Date: _Jan. 25, 2013_
Alexandria, Virginia

We ask for this:                     Neil H. MacBride
                                     United States Attorney

_____          By: _Lindsay Kelly_
Jeremy C. Kamens, Esq.               Lindsay A. Kelly
Counsel for Defendant               Assistant United States Attorney

5

USCA4 48

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Jessica Nicole Carmichael (carmichael.jessica@gmail.com,
jessica@jncarmichael.com, jessica_carmichael@fd.org), Geremy C. Kamens
(geremy_kamens@fd.org, vaeaxecf@fd.org), District Judge Anthony J Trenga
(ajt_chambers@vaed.uscourts.gov, annise_maguire@vaed.uscourts.gov,
anthony_trenga@vaed.uscourts.gov, elizabethann_johnston@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4387486@vaed.uscourts.gov
Subject:Activity in Case 1:12-cr-00539-AJTVAED USA v. Brothers Set/Reset Hearings
```
Content−Type: text/html

## U.S. District Court

### Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 1/25/2013 at 12:32 PM EST and filed on 1/25/2013

| | |
|---|---|
| **Case Name:** | USA v. Brothers |
| **Case Number:** | <u>1:12−cr−00539−AJT</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Set Hearings as to Ammie Brothers:**
**Status Conference set for 3/5/2013 at 09:00 AM in Alexandria Courtroom 701 before District Judge Anthony J Trenga *(Parties to appear at 9:00 a.m.).***
**(kbro)**

**1:12−cr−00539−AJT−1 Notice has been electronically mailed to:**

Geremy C. Kamens   Geremy_Kamens@fd.org, vaeaxecf@fd.org

Jessica Nicole Carmichael   jessica_carmichael@fd.org, carmichael.jessica@gmail.com, jessica@jncarmichael.com

**1:12−cr−00539−AJT−1 Notice has been delivered by other means to:**

John Frank Eisinger
US Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, VA 22314

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:12-CR-539 |
| v. | ) | |
| | ) | Hon. Anthony J. Trenga |
| AMMIE BROTHERS, | ) | |
| | ) | Hearing: February 15, 2013 |
| Defendant. | ) | |

## PRAECIPE FOR ENTRY OF APPEARANCE

To the Clerk:

Please enter the appearance of Lindsay A. Kelly, Assistant United States

Attorney for the Eastern District of Virginia, as counsel for the United States of America in the

above-captioned matter.


Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY


By: _____/s/_____
Lindsay A. Kelly
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
lindsay.a.kelly@usdoj.gov

USCA4  50

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2013, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send a

notification of such filing (NEF) to:

> Geremy C. Kamens, Esq.
> Office of the Federal Public Defender
> 1650 King Street, Suite 500
> Alexandria, Virginia 22314
> Phone: (703) 600-0800
> Email: Geremy_Kamens@fd.org
> *Counsel for Defendant Ammie Brothers*

By: _____/s/_____
 Lindsay A. Kelly
 Assistant United States Attorney
 Office of the United States Attorney
 2100 Jamieson Avenue
 Alexandria, Virginia 22314
 Phone: (703) 299-3700
 Fax: (703) 299-3980
 lindsay.a.kelly@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:12-cr-539 |
| v. | ) | |
| | ) | Hon. Anthony J. Trenga |
| AMMIE BROTHERS, | ) | |
| | ) | Motions Hearing: February 15, 2013 |
| Defendant. | ) | |

## OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

Defendant AMMIE BROTHERS asks the Court to transfer this criminal proceeding to the United States District Court for the Middle District of Georgia, Columbus Division, for the convenience of the defendant. The Defendant argues that venue in this District is weak because it is based solely on the location of compromised Army servers, but the Defendant ignores that victims S.E. and W.E. were located in this District at the time of the offenses, and other acts related to the offenses, such as alleged telephone calls by the Defendant to Army Knowledge Online ("AKO") help desk employees in Fairfax, Virginia, also occurred in this District. Many of the government witnesses, including law enforcement agents, are located in this District, and would have to travel to Georgia for trial. And although victims S.E. and W.E. are in the midst of a one-year assignment to South Korea and will have to travel back to the United States for trial, it is undoubtedly easier to travel to a major transportation hub like Washington, D.C. than to Columbus, Georgia – which is accessible only through a regional airport (i.e. connecting flight) or a two-and-a-half hour drive from Atlanta Hartsfield International Airport. For these reasons, the Defendant has not carried her burden of establishing that a transfer is in the interest of justice.

1

USCA4  52

## I.      Background

On December 27, 2012, the Defendant was indicted on one count of unauthorized access of a computer system in violation of 18 U.S.C. 1030(a)(2).  The Defendant allegedly victimized S.E. and W.E. between January 30, 2011, and May 1, 2011, by repeatedly accessing the victims' personal, professional, and medical information stored in the AKO database, which is a computer system owned and maintained by the United States Army.  At the time of the offenses, victims S.E. and W.E. resided continuously at Fort Lee, Virginia, in the Eastern District of Virginia. Defendant resided in Texas, and subsequently moved to Columbus, Georgia, where she continued the alleged unauthorized access.

## II.     Legal Standard for Transfer

The Fourth Circuit has approved the district court's application of the factors articulated by the Supreme Court in *Platt v. Mining & Manufacturing Co.*, 376 U.S. 240, 243-44 (1964), in entertaining a defendant's motion to transfer pursuant to Federal Rule of Criminal Procedure 21(b).  As the Fourth Circuit has stated, "[n]o one of these factors is dispositive, and it remains for the court to try to strike a balance and determine which factors are of greatest importance." *United States v. Farkas*, 474 Fed.Appx. 349, 353 (4th Cir. 2012) (internal quotation marks and brackets omitted).  In this case, the applicable *Platt* factors weigh against a transfer, as explained below.[1]

---

[1] Three of the *Platt* factors are inapplicable here.  First, this case is not likely to involve disputed "events," given the Defendant's confession to law enforcement agents and Internet Service Provider business records confirming that the victims' AKO accounts were accessed by Internet Protocol ("IP") addresses belonging to or accessible by the Defendant.  Second, disruption of defendant's business is inapplicable because the Defendant is not a corporation and does not operate a business.  And third, the government is presently unaware of any special elements that might affect the transfer.

USCA4  53

## A.    Location of Defendant

The Defendant urges this Court to grant a transfer to her home district, and cites two cases from this circuit in support.  But in *United States v. Ferguson*, 432 F. Supp. 2d 559, 562 (E.D. Va. 2006), the district court did not base its decision to transfer solely on the defendants' location.  Rather, the court noted that most potential witnesses and most events likely to be at issue were in the defendants' home district.  *See id*. at 565-67.  The court likewise noted that the transferee district had a lighter docket, a more accessible place for trial, and would result in a lesser expense to the parties.  *See id*. at 567-70.  And *United States v. Lenihan*, 19 F.3d 1430, 1994 WL 102149, at *4 (4th Cir. Mar. 29, 1994), is inapposite as that case dealt with a defendant's failure to raise, and thus waiver of, a venue objection before the trial court.

Though this individual factor supports venue in the Middle District of Georgia, this factor is not dispositive.  *See Farkas*, 474 Fed. Appx. at 354 (affirming district court denial of transfer where only factor favoring transfer was location of defendant).  Moreover, the Defendant's stated concern of having to arrange child care while her husband works during the day, *see* Mot. at 4, will not be alleviated by a transfer because the Defendant will need to be in Court – and away from her two small children – each day of trial whether here or in Georgia.  Thus, this factor does not weigh as strongly in favor of transfer as Defendant suggests.

## B.    Location of Possible Witnesses

Possible government witnesses include:

- Law enforcement agents investigating the case, who are located in this District;
- Police officers in this District who investigated victim S.E.'s complaints of identity theft, which the Defendant later confessed to;

3

- Law enforcement agents who assisted with the search and interview of the Defendant at her residence in Georgia, who are in this District and in the Middle District of Georgia;

- The victims, who are currently in South Korea; and

- Other witnesses in this District who have factual knowledge of the Defendant's alleged illegal acts, such as three AKO help desk workers who answered calls in which the Defendant fraudulently obtained temporary passwords to S.E. and W.E.'s AKO accounts.

On the defense side, the Defendant is located in the Middle District of Georgia, and she does not suggest any other witnesses that she may call. *See* Mot. at 4. All in all, more possible witnesses are located in this District than in the Middle District of Georgia, and this factor weighs against transfer.

### C. Location of Documents and Records Likely to be Involved

The alleged unauthorized access involved servers located in this District. Server logs were obtained from and remain in this District. Other evidence – such as AKO printouts from the victims' accounts, and an external hard drive containing the victims' personal information – was seized from the Defendant's residence in Georgia and is presently located in this District. Police records related to victim S.E.'s previous complaint of identity theft are likewise located in this District. This factor therefore weighs heavily against transfer.

### D. Expense to the Parties

All expenses in this criminal proceeding are being borne by the United States taxpayers. The Defendant has been appointed counsel and has been transported to this Court previously by

4

the U.S. Marshals.  Government expenses – including travel expenses of government witnesses – are of course borne by the taxpayers in every case.  In this case, proceeding in this District, where all evidence is located, and more possible government witnesses are located, will minimize the burden on United States taxpayers.  The salary expense involved with appointing a new public defender and transferring to a new Assistant United States Attorney in Georgia further weighs against a transfer under this factor.

### E.      Location of Counsel

As noted above, this case is presently being handled by the Eastern District of Virginia's Office of the Federal Public Defender and Office of the United States Attorney.  Transfer to the Middle District of Georgia would likely mean reassignment to the local Office of the Federal Public Defender and Office of the United States Attorney, which would be inefficient.  This factor, too, weighs against transfer.

### F.      Relative Accessibility of Place of Trial

Defense counsel correctly notes that some witnesses – including victims S.E. and W.E. – will need to travel to trial from Korea.  This District is more easily accessible to international travelers, as the home to Dulles Airport, which has direct flights to South Korea.  Air travel to Columbus, Georgia, in contrast, requires a two-and-a-half hour drive from the nearest international airport (Atlanta Hartsfield), or a connecting flight to a regional airport.  Thus, this factor favors venue in this District.

### G.      Docket Condition of Each District or Division Involved

Although, according to the statistics submitted by the Defendant, judges in this District carry a heavier caseload than their counterparts in the Middle District of Georgia, judges in this District also dispose of their cases much more quickly.  Indeed, the Defendant's trial is currently

5

USCA4  56

scheduled for just one month from now.  This Court's ability to promptly hear the government's case is yet another factor weighing against transfer.

### III.     Conclusion

Of the seven *Platt* factors applicable in this case, all but one – the location of the Defendant – counsel against transfer.  The government therefore respectfully requests that the Court deny Defendant's Motion to Transfer.

Respectfully Submitted,

Neil H. MacBride
UNITED STATES ATTORNEY

By:    _____/s/_____
       Lindsay A. Kelly
       Assistant United States Attorney
       United States Attorney's Office
       Eastern District of Virginia

Dated: February 4, 2013

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2013, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF filing system, which will send a notification of filing (NEF)

to:

> Geremy Kamens, Esq.
> Office of the Federal Public Defender
> 1650 King Street, Suite 500
> Alexandria, VA 22314
> Office: 703-600-0800
> E-mail: geremy_kamens@fd.org
>
> *Counsel for Ammie Brothers*

By: _____/s/_____
      Lindsay A. Kelly
      Assistant United States Attorney
      United States Attorney's Office
      Eastern District of Virginia
      2100 Jamieson Ave.
      Alexandria, VA  22314-5794
      Phone:  703.299.3700
      Fax:  703.299.3981
      Email:  lindsay.a.kelly@usdoj.gov

USCA4  58

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:12-cr-539 |
| v. | ) | |
| | ) | Hon. Anthony J. Trenga |
| AMMIE BROTHERS, | ) | |
| | ) | Motions Hearing: February 15, 2013 |
| Defendant. | ) | |

### OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PREDICATE OFFENSES OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS

Defendant AMMIE BROTHERS asks the Court to strike the language in the Indictment stating that she violated 18 U.S.C. § 1030(a)(2) "in furtherance of violations of Virginia Code Sections 18.2-152.4 and 18.2-152.5" because "the same conduct provides the basis for both the charged offense and the predicate offenses." This argument is incorrect, and misconstrues the holding in *United States v. Cioni*, 649 F.3d 276 (4th Cir. 2011), on which it relies.

### I.      Background

On December 27, 2012, the Defendant was indicted on one count of unauthorized access of a computer system in violation of 18 U.S.C. 1030(a)(2). The Defendant allegedly victimized S.E. and W.E. between January 30, 2011, and May 1, 2011, by repeatedly accessing the victims' personal, professional, and medical information stored in the AKO database, which is a computer system owned and maintained by the United States Army.

### II.      Analysis

The Indictment alleges that the Defendant violated subsection (c)(2) of Section 1030 by "intentionally access[ing] computers without authorization and thereby obtain[ing] information from any department or agency of the United States." *See* Indictment at 1. The victim of the

1

Section 1030 violation is the United States Army.  Consistent with subsection (c)(2)(B)(ii), which provides for heightened penalties where the Defendant committed this offense "in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State," the Indictment alleges that the Defendant victimized the United States Army in the course of committing two crimes against victims S.E. and W.E. under Virginia state law.  *See* Indictment at 1-2.  Specifically, the Indictment alleges that the Defendant used the information taken from the AKO database to commit computer trespass and computer invasion of privacy against victims W.E. and S.E.  *See id.* (citing Virginia Code Sections 18.2-152.4 and 18.2-152.5).

There is no problem with the predicate offense used in this Indictment.  In *United States v. Wegg*, 919 F. Supp. 898 (E.D. Va. 1996), the statute at issue (18 U.S.C. § 924), specifically provided that a licensed gun dealer's involvement in straw purchases constitutes a misdemeanor. *See* 919 F. Supp. at 907.  The court held that the misdemeanor limitation could not be avoided by charging the licensed gun dealer with aiding and abetting a felony violation of that statute.  *See id.* at 908.  No similar problem arises in Section 1030, which broadly provides that any theft of government information from a computer system constitutes a felony if, *inter alia*, committed in furtherance of another crime.

There is likewise no merger problem in the Indictment, and *Cioni* does not hold differently.  In *Cioni*, the government had charged the defendant with violating Section 1030(a)(2) in furtherance of a violation of Section 2701.  The Fourth Circuit noted that although "a violation of § 1030 may be a lesser included offense of a violation of § 2701, since a person usually must obtain information through access to a computer in order to obtain access to communications in electronic storage . . . the two crimes are distinct and different" in that one

2

requires access to a "computer" and the other involves access of information "in electronic storage." *See* 649 F.3d at 282. The Court's holding that a misdemeanor conviction was appropriate was based not on an inherent merger problem, but on the government's *concession* that, under the specific facts of that case, "there was no evidence that the defendant committed this offense in furtherance of any separate and distinct criminal or tortious act in violation of the Constitution or laws of the United States or of any State." *Id.* at 282 (internal quotation marks omitted). In contrast, here, the fact that the two offenses have distinct victims makes clear that there is no merger problem. It would not be possible to commit computer invasion of privacy against the United States Army, as the Army is not a "person" with "employment, salary, credit or any other financial or identifying information." Va. Code § 18.2-152.5(A). Rather, any such information contained in Army systems belongs to individual members of the armed services, and the Indictment correctly distinguishes the victims of each offense.

Furthermore, there is no basis for a bill of particulars in this case. The Indictment specifies the particular Army database that was breached, as well as the categories of personal information that was compromised for victims S.E. and W.E. Moreover, the government provided extensive discovery in this case just days after the Indictment, see Ex. 1, and the Fourth Circuit has held that "the purpose of a bill of particulars is 'fully satisfied' when the Government turns over its entire file to the defendant." *United States v. Schembari,* 484 F.2d 931, 934–35 (4th Cir. 1973). *See also United States v. Adams*, 335 Fed. Appx. 338 (4th Cir. 2009) (evidence provided by government to defense counsel fulfilled purpose of bill of particulars).

3

## III.    Conclusion

As explained above, the primary and predicate offenses in the Indictment constitute distinct crimes with differentiated elements and victims.  The government's detailed Indictment and pre-Motion discovery fulfill the purpose of a bill of particulars.  The government therefore respectfully requests that the Court deny Defendant's Motion.

Respectfully Submitted,

Neil H. MacBride
UNITED STATES ATTORNEY

By:    _____/s/_____
Lindsay A. Kelly
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia

Dated: February 4, 2013

USCA4  62

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2013, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF filing system, which will send a notification of filing (NEF)

to:

> Geremy Kamens, Esq.
> Office of the Federal Public Defender
> 1650 King Street, Suite 500
> Alexandria, VA 22314
> Office: 703-600-0800
> E-mail: geremy_kamens@fd.org
>
> *Counsel for Ammie Brothers*

By: _____/s/_____
     Lindsay A. Kelly
     Assistant United States Attorney
     United States Attorney's Office
     Eastern District of Virginia
     2100 Jamieson Ave.
     Alexandria, VA  22314-5794
     Phone:  703.299.3700
     Fax:  703.299.3981
     Email:  lindsay.a.kelly@usdoj.gov

USCA4  63



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Virginia*

Justin W. Williams United States Attorney's Office
2100 Jamieson Avenue (703)299-3700
Alexandria, Virginia 22314

January 2, 2013

Geremy Kamens, Esquire
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314

Re: Discovery in *United States v. Ammie Brothers*

Dear Mr. Kamens:

Pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, attached please find an electronic copy of the following documents:

I.  Search Warrants:
    A.  7550 Lloyd Rd., Columbus GA;
    B.  4600 Lakefront Way, Columbus, GA;
II. Subpoenas:
    A.  173.132.178.170 (Sprint Wireless)
    B.  208.124.38.20 (Earthlink);
    C.  50.15.110.12 (Clearwire);
    D.  184.44.0.249 (BellSouth);
    E.  76.31.232.119/98.197.144.145 (Comcast);
    F.  64.188.169.200 (Windjammer);
III. Army Knowledge Online:
    A.  Logs:
        1   Ammie Brothers;
        2   Taryll Brothers;
        3   Sharon Edwards;
        4   Willie Brothers;
        5   IP 76.031.232.119;
        6   IP 98.197.144.145;
        7   IP 208.124.38.20;
    B.  Recordings:
        1 .  March 30, 2011 @ 8:45:24 p.m.
        2.   March 30, 2011 @ 8:59:13 p.m.
        3.   April 12, 2011 @ 10:42:48 p.m.

USCA4  64

IV.    Evidence Report of items seized during execution of warrant.

The government, of course, will continue to comply with its discovery obligations under *Brady v. Maryland*, *Giglio v. United States*, FED. R. CRIM. P. 16 and other relevant authority.  Please feel free to call me at (703) 299-3906 to discuss the details of this matter or if you did not receive any of the material listed above.

Sincerely,

Neil H. MacBride
United States Attorney

By:    _____

John Eisinger
Assistant United States Attorney

Enclosure

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:12CR539 |
| | ) | |
| AMMIE BROTHERS, | ) | The Honorable Anthony J. Trenga |
| | ) | |
| Defendant. | ) | |

## REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR TRANSFER

The government opposes a transfer on the grounds that: (1) "victims S.E. and W.E. were located in this District at the time of the offenses;" (2) although S.E. and W.E. now reside in Korea, it is easier for them to travel to this district than the Middle District of Georgia; and (3) law enforcement agents and "help desk employees" are located in this district; and (4) documents related to the case are located in this district. In comparison with the substantial reasons for transferring the case to the Middle District of Georgia, these arguments are not persuasive.

1. As an initial matter, the fact that neither the defendant nor the alleged victims currently reside in the Eastern District is critical to the Rule 21(b) analysis, and weighs heavily in favor of transfer. *See United States v. Ferguson*, 432 F. Supp.2d 559, 562 (E.D. Va. 2006); *United States v. Lima*, No. 34 CR 800, 1995 WL 348105, at *3 (N.D. Ill. June 1, 1995) (unpublished) (transferring venue because the proposed venue "would cause less disruption of his family life."); *see also United States v. Russell*, 582 F.Supp. 660, 662 (S.D.N.Y.1984) (reasoning that "wherever possible, defendants should be tried where they reside"); Wright, Leipold, *et al.*, 2 Fed. Prac. & Proc. Crim. § 344 (4th ed.) (explaining that Rule 21(b) "implements the policy that venue should be chosen to minimize the inconvenience to the defense."). While the government notes that S.E. and W.E. *previously* resided in this District, that fact is irrelevant to the Rule

21(b) analysis, which focuses on the comparative burdens arising from the venue given the current location of the parties, witnesses, and documents.

2. Nonetheless, the government maintains that the Middle District of Georgia is less accessible than the Eastern District of Virginia to S.E. and W.E., who now reside in Korea. But the difference between the Middle District of Georgia and the Eastern District of Virginia is far less significant than the 18 hour international flight these witnesses will have to take to return to this country in any event. In other words, because these witnesses are so far away from *both* the Eastern District of Virginia and the Middle District of Georgia, the marginal increased travel time for these witnesses to travel to Georgia is essentially inconsequential to the Rule 21(b) analysis.

3. The government also argues that a number of its witnesses are located in the Eastern District of Virginia. However, the majority of these witnesses are government agents. Law enforcement witnesses weigh far less in the analysis as they always are present in the district of a criminal case. *See United States v. Benjamin*, 623 F. Supp. 1204, 1213 (D.D.C. 1985) ("The government-employee witnesses, like the government lawyers, have nationwide responsibilities and are equipped to operate away from home with minimal disruption of their official business."). Similarly, "inconvenience to the Government is 'given little weight when other considerations of convenience suggest a transfer.'" *United States v. Hanley*, No. 94-cr-394, 1995 WL 60019 (S.D.N.Y. Feb. 10, 1995) (quoting *United States v. Gruberg*, 493 F.Supp. 234, 243 (S.D.N.Y.1979)).

Furthermore, at least some of these agents who the government claims will be inconvenienced are the same individuals who already traveled to Georgia to effect two search

2

warrants and to interview Ms. Brothers.  Given that Ms. Brothers' alleged conduct occurred in
the Middle District of Georgia (after she moved there from Texas), and the investigation into that
conduct occurred in the Middle District of Georgia, the government cannot now complain that its
law enforcement witnesses would be inconvenienced by a transfer of these proceedings to that
location.

The other witnesses identified in the government's response — help-desk employees —
allegedly fielded recorded phone calls from Ms. Brothers.  Because the phone calls are recorded,
and were stored as business records, they are likely admissible either through a records custodian
or through a Fed. R. Evid. 902(11) certificate.  In other words, none of the help-desk employees
are essential witnesses at trial.

4.  While the government claims that the location of documents and records in this case
"weighs heavily against transfer," the entire set of discovery provided to the defense — which the
government claims is its entire file — fits on a single compact disk.  This is not a case involving
a voluminous set of documents.  As such, it is not a case in which the location of documents
weighs "heavily" in one direction or the other.

5.  Additionally, the government argues that transferring the case would be inefficient,
and would result in an additional "salary expense involved with appointing a new public
defender and transferring to a new Assistant United States Attorney."  Gov't Resp. at 5.  Salary
expenses for the Community Defender and the U.S. Attorney's Office in the Middle District of
Georgia are fixed, so there would be no additional "salary expense" arising from a transfer.  *See*
*United States v. Coffee*, 113 F. Supp. 2d 751, 758 (E.D. Pa. 2000) ("as the [defendants] will have
new counsel in the Southern District of Ohio who will also be paid from the public fisc, this is a

3

neutral factor"). Moreover, this is a simple case, and could be transferred to another prosecutor or handled by the current prosecutor who could travel to the Middle District of Georgia. Either way, the Court should "give little weight to whatever inconvenience this particular Assistant United States Attorney may suffer." *Id.* at 758.

5. Conceding that the docket in the Middle District of Georgia is less congested than in the Eastern District of Virginia, the government points to the fact that criminal cases are disposed of four months faster in this District. In this case, however, the case languished for over a year after counsel was initially appointed in November 2011. Defense counsel also advised the government regarding the issue of transferring venue. The government should not complain now that the case requires immediate resolution.

6. Finally, the government discounts the significance of the defendant's travel to this District because she would need to arrange day-care for her children in any event. Gov't Resp. at 3. But the difference between arranging day-care and arranging for the children's primary care-giver to be away from her home for multiple days is vast. Ms. Brothers and her husband rely upon a single salary while Ms. Brothers cares for two small children at home, and requiring her to travel for many days to this District imposes significant hardships on the entire family.

This case shares many similarities with the facts of *United States v. Coffee*, in which the defendants were charged in the Eastern District of Pennsylvania with conspiracy in violation of 18 U.S.C. § 371, but resided in Dayton, Ohio. The defendants were indigent, had appointed counsel, and had no ties to the charging district even though venue was constitutionally proper. 113 F. Supp. at 754. The court found that even though the government would bear the cost of travel for the defendants to the charging district, the location of the defendants weighed "heavily

USCA4 69

in favor of a transfer." *Id.* at 754. Similarly, the court determined that the location of witnesses, events at issue, disruption of the defendant's business, expenses to the parties, and docket condition all weighed in favor of transferring the case. *Id.* at 754-59. In sum, the court concluded that the defendants:

> are poor people who are confronted with the massive power of the United States Government. In such circumstances, the public fisc must take second place to the fundamental due process rights of impecunious defendants like the [defendants]. For them, the prospect of making a long-distance telephone call to their lawyers constitutes a major financial decision. We doubt that any member of the huge law enforcement team arrayed in this prosecution has ever so much as given a thought to the cost of any telephone call.

*United States v. Coffee*, 113 F. Supp. 2d 751, 757-58 (E.D. Pa. 2000).

Ms. Brothers, like the defendants in *Coffee*, is barely making ends meet, largely because of debts incurred when her husband, Mr. Brothers, was making a far greater salary as a deployed member of the U.S. military in a hostile theater. Ms. Brothers has been to this District only once, for the arraignment, as her alleged conduct occurred entirely over the phone and through the internet.

Given the immense hardship caused by requiring her to leave her home and travel to this District, the fact that the alleged victims of the offense reside outside of this District, and the absence of any other compelling reason for the case to remain in this District, the interests of justice weigh in favor of a transfer of this case to the Middle District of Georgia.

Respectfully submitted,
Ammie Brothers
By Counsel,

MICHAEL S. NACHMANOFF
Federal Public Defender

5

_____/s/_____
Geremy C. Kamens, Esq.
Va. Bar No. 41596
Attorney for Ms. Brothers
First Assistant Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:     703-600-0828
Facsimile:      703-600-0880
Geremy_Kamens@fd.org

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 11th, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

> Lindsay Kelly, Esq
> Assistant United States Attorneys
> 2100 Jamieson Avenue
> Alexandria, Virginia   22314

_____/s/_____
Geremy C. Kamens, Esquire
Va. Bar No. 41596
Attorney for Ms. Brothers
Assistant Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:     703-600-0848
Facsimile:     703-600-0880
Geremy_Kamens@fd.org

7

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:12CR539 |
| | ) | |
| AMMIE BROTHERS, | ) | The Honorable Anthony J. Trenga |
| | ) | |
| Defendant. | ) | |

### REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO STRIKE

In opposing Ms. Brothers' Motion to Strike, the government argues that: (1) unlike *Cioni*, in this case the predicate and the charged offense have different victims; (2) the result in *Cioni* was conditioned on the government's concession; and (3) bill of particulars is unnecessary because government provided its complete file. The government is wrong.

First, whether the predicate and the charged offense involve different "victims" is irrelevant. The government suggests that because § 1030 and the Virginia predicate offenses involve different victims — the U.S. Army in the case of § 1030, and individual people in the case of the Virginia predicates — "there is no merger problem." But the government's identification of the "victims" of the offenses says nothing about whether the alleged conduct that supposedly harmed each "victim" arises from distinct conduct.

In *Cioni*, the Fourth Circuit acknowledged that § 1030 and the predicate offense in that case involved "two crimes [that] are distinct and different." 649 F.3d 276, 282 (4th Cir. 2011). But the issue was not whether the crimes themselves were "different" — such as whether they involved different victims — but whether the *conduct* supporting the charged offense and the predicate offense were "distinct." *Id.* at 283 ("the indictment [must] allege facts sufficient to indicate that the two crimes were based on distinct conduct."). In this case, the government fails

USCA4  73

to identify how the conduct allegedly supporting the charged offense (obtaining information through unauthorized access of computer servers controlled by the Army) is distinct from the conduct allegedly supporting the predicate offenses.

Second, the result in *Cioni* was not dependent upon the government's concession. The government argues that "the court's holding that a misdemeanor conviction was appropriate was based not on an inherent merger problem, but on the government's *concession* that, under the specific facts of that case, 'there was no evidence the defendant committed'" a distinct criminal act. Gov't Resp. at 3 (emphasis in original). In *Cioni*, the government made a concession with respect to one count, but denied that a separate count, Count 4, "suffer[ed] from the same problem." 649 F.3d at 283. Yet the absence of a government concession as to count 4 did not matter, because the Fourth Circuit found that "the indictment does not allege facts sufficient to indicate that the two crimes were based on distinct conduct." *Id.* As such, the court concluded that "[t]he circumstances of Count 4 are no different" even though the government failed to concede the merger problem as to that count.

Third, a bill of particulars is warranted when an indictment does not provide enough information for a defendant to prepare a defense. *See United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987); *see also United States v. Ablett*, C 09-00749 RS, 2010 WL 3063145 (N.D. Cal. Aug. 3, 2010) ("the purpose of a bill of particulars is to clarify ambiguities in an indictment"); *United States v. Hsia,* 24 F. Supp. 2d 14, 30 (D.D.C. 1998) ("A bill of particulars properly includes clarification of the indictment . . . ."); *cf. Russell v. United States*, 369 U.S. 749, 770 (1962) ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment."). Although the government claims to have turned over its entire file for discovery

2

USCA4 74

purposes, this discovery does not answer the question required by *Cioni*: whether the predicates are based on conduct distinct from the charged offense.  Therefore, if the Court declines to strike the predicates alleged in the indictment, it should order the government to produce a bill of particulars.

Respectfully submitted,

AMMIE BROTHERS

By Counsel,
Michael S. Nachmanoff,
Federal Public Defender

By:  _____/s/_____
Geremy C. Kamens, Esquire
First Assistant Federal Public Defender
Virginia Bar No.41596
Jessica N. Carmichael, Esquire
Pro Bono Attorney
Virginia Bar No. 78339
Attorneys for Ammie Brothers
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA  22314
(703)600-0850 (telephone)
(703)600-0880 (facsimile)
Geremy_Kamens@fd.org

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February 2013, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Lindsay Kelly, Esquire
> United States Attorney's Office
> 2100 Jamieson Avenue
> Alexandria, VA 22314

       Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

> _____/s/_____
> Geremy C. Kamens, Esquire
> Attorney for Ammie Brothers
> Virginia Bar No.41596
> Office of the Federal Public Defender
> 1650 King Street, Suite 500
> Alexandria, VA 22314
> (703)600-0850 (telephone)
> (703)600-0880 (facsimile)
> Geremy_Kamens@fd.org

4

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
OPEN COURT

FEB 1 4 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |  |
|---|---|---|
| | ) | Crim. No. 1:12-cr-539 |
| | ) | |
| | ) | Count 1: 18 U.S.C. § 1030(a)(2) |
| UNITED STATES OF AMERICA | ) | Computer Fraud |
| | ) | |
| v. | ) | Count 2: 18 U.S.C. § 1030(a)(2) |
| | ) | Computer Fraud |
| AMMIE BROTHERS, | ) | |
| | ) | Count 3: 18 U.S.C. § 1030(a)(2) |
| Defendant. | ) | Computer Fraud |
| | ) | |
| | ) | Count 4: 18 U.S.C. § 2261A |
| | ) | Interstate Stalking |
| | ) | |
| | ) | Count 5: 18 U.S.C. § 1028(a)(7) |
| | ) | Identity Theft |

## SUPERSEDING INDICTMENT

**February 2013 Term – at Alexandria**

## COUNT 1

**(Unauthorized Access to Information From a Department or Agency of the United States)**

THE GRAND JURY CHARGES THAT:

From on or about March 12, 2008, to on or about October 5, 2011, the defendant,

AMMIE BROTHERS, did intentionally access a computer without authorization and exceed

authorized access to a computer and thereby obtain information from a department and agency of

the United States, in furtherance of criminal and tortious acts committed in violation of the laws

of a State; that is, BROTHERS accessed without authorization and exceeded authorized access to

United States Army Knowledge Online ("AKO") computer servers within the Eastern District of Virginia and thereby obtained information from the United States Army, including payroll information and a bank account number for victim W.E., in furtherance of a violation of 18 U.S.C. § 2261A and Virginia Code Section 18.2-152.5.

(In violation of Title 18, United States Code, Section 1030(a)(2)(B) and (c)(2)(B)(ii).)

2

USCA4 78

## COUNT 2

**(Unauthorized Access to Information From a Department or Agency of the United States)**

THE GRAND JURY FURTHER CHARGES THAT:

From on or about April 2, 2008, to on or about October 5, 2011, the defendant, AMMIE BROTHERS, did intentionally access a computer without authorization and exceed authorized access to a computer and thereby obtain information from a department and agency of the United States, in furtherance of criminal and tortious acts committed in violation of the laws of a State; that is, BROTHERS accessed without authorization and exceeded authorized access to AKO computer servers within the Eastern District of Virginia and thereby obtained information from the United States Army, including social security numbers for victim W.E. and minor victim K.E., in furtherance of a violation of Virginia Code Section 18.2-152.5.

(In violation of Title 18, United States Code, Section 1030(a)(2)(B) and (c)(2)(B)(ii).)

3

USCA4 79

## COUNT 3

**(Unauthorized Access to Information From a Department or Agency of the United States)**

THE GRAND JURY FURTHER CHARGES THAT:

From on or about April 24, 2009, to on or about October 5, 2011, the defendant, AMMIE BROTHERS, did intentionally access a computer without authorization and exceed authorized access to a computer and thereby obtain information from a department and agency of the United States, in furtherance of criminal and tortious acts committed in violation of the laws of the United States and any State; that is, BROTHERS accessed without authorization and exceeded authorized access to AKO computer servers within the Eastern District of Virginia and thereby obtained information from the United States Army, including employment information and a social security number for victim S.E., in furtherance of violations of 18 U.S.C. § 2261A and Virginia Code Section 18.2-152.5.

(In violation of Title 18, United States Code, Section 1030(a)(2)(B) and (c)(2)(B)(ii).)

4

USCA4 80

## COUNT 4

### (Interstate Stalking)

THE GRAND JURY FURTHER CHARGES THAT:

From on or about August 4, 2010, to on or about October 2, 2011, the defendant, AMMIE BROTHERS, with the intent to harass and cause substantial emotional distress to a person in another State, did use a facility of interstate commerce to engage in a course of conduct that causes substantial emotional distress to that person; that is, BROTHERS, from another State, and with the intent to harass and cause substantial emotional distress to victim S.E., made repeated telephone calls to victim S.E. in the Eastern District of Virginia, and, via a telephone and interactive computer service, closed accounts, cancelled transactions, and initiated transactions on credit card accounts held in victim S.E.'s name, and thereby caused substantial emotional distress to victim S.E.

(In violation of Title 18, United States Code, Sections 2261A(2)(A) and 2261(b)(5).)

5

## COUNT 5

### (Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

From on or about August 4, 2010, to on or about October 2, 2011, the defendant, AMMIE BROTHERS, did knowingly possess and use, without lawful authority, and in and affecting interstate commerce, a means of identification of another person with the intent to commit, and to aid and abet, and in connection with, any unlawful activity that constitutes a violation of Federal law; that is, BROTHERS knowingly possessed and used victim S.E.'s credit card numbers to close accounts, cancel transactions, and initiate transactions over the telephone and Internet, with the intent to commit, and to aid and abet, and in connection with, violations of 18 U.S.C. § 2261A.

(In violation of Title 18, United States Code, Section 1028(a)(7) and (b)(2)(B).)

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

FOREPERSON

NEIL H. MacBRIDE
UNITED STATES ATTORNEY

By: Lindsay A. Kelly
Assistant United States Attorney

6

USCA4 82

JS 45
(01/2008)

## REDACTED

| Criminal Case Cover Sheet | | | | U.S. District Court |
|---|---|---|---|---|

**Place of Offense:**  Under Seal: Yes ___ No __X__   Judge Assigned: _____

City _____  Superseding Indictment __X__   Criminal Number: 1:12-CR-539

County/Parish Fairfax  Same Defendant __X__   New Defendant _____

Magistrate Judge Case Number _____   Arraignment Date: _____

Search Warrant Case Number _____

R 20/R 40 from District of _____

Related Case Name and No: _____

**Defendant Information:**

Juvenile Yes ___ No _X_ FBI # _____

Defendant Name: Ammie Brothers   Alias Name(s) _____

Address: ▮▮▮▮▮ Columbus, GA 31907

Employment: _____

Birth date ▮/1984  SS# ▮6136 Sex _F_ Def Race ___  Nationality _US_   Place of Birth _US_

Height 5'7"  Weight 160 Hair Brown  Eyes Brown   Scars/Tattoos _____

Interpreter: _X_ No ___ Yes List language and/or dialect: _____ Automobile Description _____

**Location Status:**

Arrest Date _____

__ Already in Federal Custody as of _____ in _____

__ Already in State Custody  __ On Pretrial Release   __ Not in Custody

__ Arrest Warrant Requested  __ Fugitive   _X_ Summons Requested

__ Arrest Warrant Pending  __ Detention Sought   __ Bond _____

**Defense Counsel Information:**

Name: Geremy Kamens   Court Appointed   Counsel conflicted out: _____

Address: 1650 King Street, Suite 500   Retained   _____
Alexandria, VA 22314

Telephone: 703-600-0800   _X_ Public Defender   Federal Public Defender's Office conflicted out: _____

**U.S. Attorney Information:**

AUSA Lindsay Kelly   Telephone No: 703-299-3893   Bar # _____

**Complainant Agency, Address & Phone Number   or Person & Title:**
Special Agent, Jadi Le, US Army Criminal Investigative Command (CID)

**U.S.C. Citations:**

| | Code/Section | Description of Offense Charged | Count(s) | Capital/Felony/Misd/Petty |
|---|---|---|---|---|
| Set 1 | 18 U.S.C. § 1030(a)(2) | Computer Fraud | 1 - 3 | Felony |
| Set 2 | 18 U.S.C. § 2261A | Interstate Stalking | 4 | Felony |
| Set 3 | 18 U.S.C. § 1028(a)(7) | Identity Theft | 5 | Felony |

(May be continued on reverse)

Date: February 13, 2013   Signature of AUSA: _Lindsay Kelly_

AO 83 (Rev. 06/09) Summons in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| United States of America | ) | |
| v. | ) | |
| | ) | |
| AMMIE BROTHERS | ) | Case No. 1:12-CR-539 |
| | ) | |
| | ) | |
| Defendant | ) | |

## SUMMONS IN A CRIMINAL CASE

YOU ARE SUMMONED to appear before the United States district court at the time, date, and place set forth below to answer to one or more offenses or violations based on the following document filed with the court:

☐ Indictment    ☑ Superseding Indictment    ☐ Information   ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition   ☐ Violation Notice    ☐ Order of Court

| Place: U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 | Courtroom No.: 701- Judge Trenga |
| | Date and Time: 2/22/13 @ 9:00 a.m. |

This offense is briefly described as follows:

Computer Fraud, Interstate Stalking, and Identity Theft.

Date:    02/14/2013

_____
_Issuing officer's signature_

Tenesha Cheatham, Deputy Clerk
_Printed name and title_

I declare under penalty of perjury that I have:

☐ Executed and returned this summons      ☐ Returned this summons unexecuted

Date: _____

_____
_Server's signature_

_____
_Printed name and title_

By AUSA Lindsay Kelly

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Geremy C. Kamens (geremy_kamens@fd.org, vaeaxecf@fd.org), Lindsay
Androski Kelly (keeley.weeks@usdoj.gov, lindsay.a.kelly@usdoj.gov,
usavae.alx.ecf.frcc@usdoj.gov), Jessica Nicole Carmichael (carmichael.jessica@gmail.com,
jessica@jncarmichael.com, jessica_carmichael@fd.org), District Judge Anthony J Trenga
(ajt_chambers@vaed.uscourts.gov, annise_maguire@vaed.uscourts.gov,
anthony_trenga@vaed.uscourts.gov, elizabethann_johnston@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4424057@vaed.uscourts.gov
Subject:Activity in Case 1:12-cr-00539-AJTVAED USA v. Brothers
Content-Type: text/html
```

## U.S. District Court

## Eastern District of Virginia –

## Notice of Electronic Filing

The following transaction was entered on 2/15/2013 at 10:26 AM EST and filed on 2/14/2013

| | |
|---|---|
| **Case Name:** | USA v. Brothers |
| **Case Number:** | 1:12–cr–00539–AJT |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 Set Hearing as to Ammie Brothers:
– Arraignment set for 2/22/2013 at 09:00 AM in Alexandria Courtroom 701 before District
Judge Anthony J Trenga. (tche)

**1:12–cr–00539–AJT–1 Notice has been electronically mailed to:**

Geremy C. Kamens   Geremy_Kamens@fd.org, vaeaxecf@fd.org

Jessica Nicole Carmichael   jessica_carmichael@fd.org, carmichael.jessica@gmail.com,
jessica@jncarmichael.com

Lindsay Androski Kelly   lindsay.a.kelly@usdoj.gov, keeley.weeks@usdoj.gov,
usavae.alx.ecf.frcc@usdoj.gov

**1:12–cr–00539–AJT–1 Notice has been delivered by other means to:**

John Frank Eisinger
US Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, VA 22314

```
MIME-Version:1.0
From:cmecf@vaed.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Geremy C. Kamens (geremy_kamens@fd.org, vaeaxecf@fd.org), Lindsay
Androski Kelly (keeley.weeks@usdoj.gov, lindsay.a.kelly@usdoj.gov,
usavae.alx.ecf.frcc@usdoj.gov), Jessica Nicole Carmichael (carmichael.jessica@gmail.com,
jessica@jncarmichael.com, jessica_carmichael@fd.org), District Judge Anthony J Trenga
(ajt_chambers@vaed.uscourts.gov, annise_maguire@vaed.uscourts.gov,
anthony_trenga@vaed.uscourts.gov, elizabethann_johnston@vaed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:4424070@vaed.uscourts.gov
Subject:Activity in Case 1:12-cr-00539-AJTVAED USA v. Brothers Dismissal of Counts on
Government Motion
```
Content−Type: text/html

## U.S. District Court

## Eastern District of Virginia −

## Notice of Electronic Filing

The following transaction was entered on 2/15/2013 at 10:31 AM EST and filed on 2/14/2013

| | |
|---|---|
| **Case Name:** | USA v. Brothers |
| **Case Number:** | <u>1:12−cr−00539−AJT</u> |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **DISMISSAL OF COUNT as to Ammie Brothers. (tche, )**

**1:12−cr−00539−AJT−1 Notice has been electronically mailed to:**

Geremy C. Kamens   Geremy_Kamens@fd.org, vaeaxecf@fd.org

Jessica Nicole Carmichael   jessica_carmichael@fd.org, carmichael.jessica@gmail.com,
jessica@jncarmichael.com

Lindsay Androski Kelly   lindsay.a.kelly@usdoj.gov, keeley.weeks@usdoj.gov,
usavae.alx.ecf.frcc@usdoj.gov

**1:12−cr−00539−AJT−1 Notice has been delivered by other means to:**

John Frank Eisinger
US Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, VA 22314

## ** CRIMINAL MOTION MINUTES **

Date:  2/15/2013                          Judge:  Trenga
                                         Court Reporter:  R. Montgomery
Time:  11:19 a.m. – 11:34 a.m.


Case Number:  1:12CR00539-001


UNITED STATES OF AMERICA

vs.

Ammie Brothers          ☐ Present      ☐ w/ Interpreter Click here to enter text.

**Appearances of Counsel:**

| Counsel for Government | Counsel for Defendant |
|---|---|
| Lindsay Kelly | Geremy Kamens |
|  | Jessica Carmichael |

☐    Matter is uncontested
**Matter re:**
[8] Motion to Change Venue pursuant to Rule 21(b) filed by Deft
[9] Motion to Strike Predicate Offenses in Indictment by Deft
[10] Motion for Bill of Particulars by Deft
_____

**Argued &**
☒  Granted  [8]      ☐ Denied          ☐ Granted in Part/Denied in Part

☐  Taken Under Advisement          ☒ Deferred to MD/GA [9] & [10]


[8] Motion to Change Venue pursuant to Rule 21(b) filed by Deft argued – **GRANTED**.  Case
**TRANSFERRED** to the Middle District of Georgia, Columbus Division.
   ▪  The Court will **DEFER** ruling on the remaining motions and will refer them to the MD/GA
_____


☒Order to Follow

Deft is          ☐ Remanded          ☐ Continued on Bond

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-539 |
| | ) | |
| AMMIE BROTHERS | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the Defendant's Motion to Transfer to the United

States District Court for the Middle District of Georgia, Columbus Division [Doc. No. 8] and the

Defendant's Motion to Strike Predicate Offenses Contained in the Indictment or, in the

Alternative, for a Bill of Particulars [Docs. No. 9, 10]. Upon consideration of the motions, the

memoranda filed in support thereof and in opposition thereto, and the arguments of counsel at

the hearing held on February 15, 2013, and for the reasons stated in open court, it is hereby

ORDERED that the Defendant's Motion to Transfer to the United States District Court

for the Middle District of Georgia [Doc. No. 8], be and the same hereby is, GRANTED; and it is

further

ORDERED that this matter be, and the same hereby is, TRANSFERRED to the United

States District Court for the Middle District of Georgia, Columbus division; and it is further

ORDERED that the Court defers ruling on the Defendant's Motion to Strike Predicate

Offenses Contained in the Indictment or, in the Alternative, for a Bill of Particulars [Docs. No. 9,

10] and refers the motion to the transferee court.

The Clerk is directed to forward copies of this Order to all counsel of record.

_____

/s/

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
February 15, 2013